**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MPH Restaurants, LLC, | ) | Bankr. No. 26-05071 |
| | ) | |
| Debtor. | ) | Chief Judge Jacqueline P. Cox |

**Amended Memorandum Opinion Denying First and Final Application for Compensation (Docket 38)**

**Background**

This bankruptcy case was filed on March 23, 2026. The automatic stay that came into existence at the filing of this case delayed a creditor's efforts to prosecute a citation to discover assets in state court. Motion to Appoint a Trustee (Docket 15, ¶ 16).

On April 14, 2026, this court authorized the Debtor to employ Attorneys Paul M. Bach and Penelope N. Bach to represent it in this case pursuant to section 327 of the Bankruptcy Code, effective March 23, 2026, with compensation to be determined by the court upon application. (Order, Docket 14).

The court has been told by Attorney Penelope N. Bach that this case was filed on behalf of the wrong entity and that it should have been filed on behalf of another entity the Debtor owns, Smith & Wells, LLC, which operated the Randolph Tavern. Response to Motion to Appoint Trustee (Docket 22, p. 2). The Debtor asked to dismiss this 26-05071 case. Motion to Dismiss, (Docket 10). It was suggested therein that should a bankruptcy petition get filed it would be for Smith & Wells. *Id.*, ¶ 3. It is hard to believe that Smith & Wells would file for bankruptcy relief when it was not a defendant in the state court judgment entered against the Debtor's principal Marc Hochmuch and the Debtor, MPH Restaurants, LLC. *See* Amended Final Judgment Order,

Motion to Appoint Trustee (Docket 15, Exhibit A). To date Smith & Wells has not filed for bankruptcy relief.

Another problem is that when the Debtor's attorney(s) filed this case, it was disclosed that the attorney(s) received a $10,000 retainer from the Debtor. Disclosure of Compensation of Attorney for Debtor(s) (Docket 1, p. 8). The court has been told by the Debtor's attorney that the Debtor had no bank accounts or assets. Response to Motion to Appoint Trustee (Docket 22, p. 1). A creditor's attorney objected to the petition for compensation now before the court, arguing that because the court had been told that the Debtor was a mere shell, there was an issue as to who paid the $10,000 retainer. Limited Objection (Docket 42, p. 1), filed on August 10, 2026.

Following that, Attorney Penelope N. Bach filed an Amended Disclosure of Compensation for Debtor(s) stating that Smith & Wells, LLC d/b/a Randolph Tavern was the source of the $10,000 retainer. (Docket 43).

Giving courts the wrong information about debtors' financial circumstances and transactions undermines the most basic foundation of our judicial system, especially in the bankruptcy system where all parties have a right to accurate information about transactions between estate professionals and debtors. A creditor or trustee with accurate information may want to investigate whether the amount disclosed is excessive or whether Smith & Wells has a claim for fraudulent transfer since it got nothing in return for paying another entity's legal expense.

**Show Cause Order**

On September 3, 2026, Attorneys Paul M. Bach and Penelope N. Bach were ordered to show cause why they should not be denied compensation if this case was filed for the wrong entity, for telling the court a different entity would then file for bankruptcy relief, which did not

happen, and for misrepresenting the source of the $10,000 retainer. Show Cause Order (Docket 44).

At the September 8, 2026 show cause hearing Attorney Penelope N. Bach informed the court that she filed this case as an emergency for an attorney who had to tend to a relative's passing. September 8, 2026 Hearing Transcript ("Sept.8 Transcript") (Docket 55, p. 4).

She spoke to the Debtor's representative who did not understand that the entities were separate. An accountant gave her separate EIN numbers which she verified with the Secretary of State. She later found out that something was not accurate. The attorney did not explain exactly how she checked on the identity of the entity on whose behalf she filed for bankruptcy relief. Did Paul M. Bach and Penelope N. Bach review the debt instruments at issue? It is not clear whether review of the debt instruments could have disclosed which entity needed bankruptcy relief. Did they review the documents under which the Debtor obtained ownership interests in the Debtor and/or the three LLCs? The explanations given at the September 8, 2026 show cause hearing included none of this. What was reviewed?

The court accepts as valid creditor R Restaurant Group, LLC's ("RRG") suggestion that this case was filed to "receive the benefit of the automatic stay, without satisfying the burdens of being a debtor in bankruptcy and/or cause delay in RRG's collection efforts generally. This charade should end now." Motion for Appointment of a Chapter 11 Trustee or, in the Alternative, a Bad Faith Filing Finding (Docket 15, p. 2).

When the Illinois Department of Revenue took an enforcement action against Randolph Tavern on March 25, 2026, Attorney Penelope N. Bach later discovered that it had tax problems. (Sept. 8 Transcript, p. 5).

The Debtor's representative told her to file a bankruptcy case for Randolph Tavern before

this bankruptcy case was filed because he thought Randolph Tavern was doing business as the Debtor MPH Restaurants. (Sept. 8 Transcript, p.5). He did not understand that Smith & Wells was the entity that needed to file. Attorney Penelope N. Bach said she did not realize Smith & Wells was the owner, the operating company. (Sept. 8 Transcript. p. 6). That was before this case was filed on behalf of the Debtor on March 23, 2026. (Sept. 8 Transcript, pp. 5-6).

The attorneys did not present sufficient information at the show cause hearing to counter the court's concern that they should not have filed this bankruptcy case on behalf of the wrong entity. Nor did they convincingly explain why the compensation disclosure form indicated that the $10,000 came from the wrong entity. The court was not provided a level of information to justify or satisfactorily explain what the attorneys did herein. Neither Attorney Penelope N. Bach nor Attorney Paul M. Bach explained what if any research or investigation was conducted to understand who the proper debtor was and what any entity's financial circumstances were.

The Debtor asked to dismiss this 26-05071 case. Motion to Dismiss (Docket 10). It was suggested therein that should a bankruptcy petition get filed it would be for Smith & Wells. *Id.*, ¶ 3. It is hard to believe that Smith & Wells would file for bankruptcy relief when it was not a defendant in the state court judgment that precipitated this case being filed. That judgment was entered against the Debtor's principal Marc Hochmuth and the Debtor, MPH Restaurants, LLC. *See* Amended Final Judgment Order, Motion to Appoint Trustee (Docket 15, Exhibit A). The court has not been told why the MPH Restaurants case had to be dismissed in order for the correct entity to file for bankruptcy relief. After all, Attorney Penelope N. Bach suggested that this bankruptcy case was filed in response to the citation to discover assets proceedings in state court. Declaration of Attorney Penelope N. Bach (Docket 45, p. 1, ¶ 4).

The court notes that Attorney Penelope N. Bach mentioned that the petition for Smith &

Wells was not filed due to a conflict of interest with her firm and that the principal of Debtor MPH Restaurants was unable to retain new counsel. Declaration (Docket 45, ¶ 15).

**Federal Rule of Bankruptcy Procedure 9011(b)**

Federal Rule of Bankruptcy Procedure 9011 states:

> (b) Representations to the Court. By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
>
> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
>
> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

If these provisions are violated, after notice and a reasonable opportunity to respond, the court may issue appropriate sanctions:

> On its own, the court may enter an order describing the specific conduct that appears to violate (b) and directing an attorney, law firm, or party to show cause why it has not violated (b).

Fed. Rule Bankr. P. 9011(c)(3).

**Section 329(b) of the Bankruptcy Code**

Section 329(b) of the Bankruptcy Code provides that when professionals employed by the bankruptcy estate receive compensation that exceeds the value of services rendered, the court may cancel any such agreement or order the return of any payment to the extent excessive, to the

entity that made the payment. *In re Gage*, 394 B.R. 184, 191 (Bankr. N.D. Ill. 2008) (internal citation omitted). As Judge Squires explained in *Gage,* the court has to "be guided by § 330 which sets forth a number of factors that Congress found relevant to an assessment of the value of the services." The § 330 factors for the court to consider are: the nature and extent of the value of the services taking into consideration all relevant factors including the time spent on such services, the rates charged, whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of a case, whether the services were performed within a reasonable amount of time commensurate with the complexity, and importance or nature of the issues or problems addressed. The court also has to consider whether a professional person has demonstrated skill and experience in the bankruptcy field and whether a compensation request is reasonable based on the customary compensation charged by skilled practitioners in other cases. 11 U.S.C. § 330(a)(3)(A)-(F).

In addition, the court should not award compensation for services that were not "reasonably likely to benefit the debtor's estate." 11 U.S.C. § 330(a)(4)(A)(ii)(I).

The court may on its own motion award compensation in an amount less than the amount requested. 11 U.S.C. § 330(a)(2).

When the value of services gets challenged, the attorney(s) bears the burden of establishing that a fee is reasonable. *Gage,* 394 B.R. at 191: ("[I]t is the attorney himself [or herself] who bears the burden of establishing that the fee is reasonable.") (citation omitted).

Another issue is whether the misrepresentation regarding the source of the $10,000 retainer is material. Materiality denotes whether the information is of such a nature that knowledge of the item would affect a person's decision making; whether it is significant or essential. *Material,* Black's Law Dictionary (8th ed. 1999). The information wrongfully noted

is material in that it can affect whether a party in interest pursues a fraudulent transfer claim in connection therewith. An attorney for a debtor in possession can be denied fees for alleged negligence and other misconduct. *In re Red Carpet Corp. of Panama City Beach v. Miller*, 708 F.2d 1576, 1577 (11th Cir. 1983) ("[t]he district court properly recognized that a bankruptcy court can deny an attorney for a debtor in possession his fees on account of his wrongdoing or negligence but cannot additionally assess against him money damages for losses due to such wrongdoing or negligence.").

Once the nature and extent of the services rendered have been determined, the bankruptcy court has to assess the value of those services. *Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). The court also has to determine the quality of the legal work. *First Colonial*, 544 F.2d at 1300. Poor quality which is the consequence of wrongful conduct or negligence could result in the denial of any fee a debtor's attorney seeks. *Red Carpet*, 708 F.2d at 1578.

This is not the first time the court has seen similar behavior on the part of Attorney Penelope N. Bach. In *In re 1600 Western Venture LLC* Bankruptcy Case, 25-08821, at a March 2, 2026 hearing she reported to the court that she had violated the Rules of Professional Conduct/Professional Code of Ethics Rule 3.3—candor to the court. She apologized for misrepresentations at a trial. Those misrepresentations were false, material statements made in connection with whether her client in that case was misusing funds and violating a cash collateral order. March 2, 2026 Transcript, Bankruptcy Case 25-08821, Docket 264, pp. 4, 5, 6, 7, 8 and 10. Attorney Penelope N. Bach retracted "any statement that said cash collateral wasn't misused, that behaviors have changed pre-petition to post-petition, and that the debtors were going to pay the real estate taxes and had the money to do so." *Id.*, p. 11.

The improper uses of cash collateral included an Airbnb payment, a Stax Café and restaurant charge and unauthorized payments to Laura Stephens, a person the court had denied payroll for. *Id.*, p. 11,

According to an attorney for a secured creditor the misuse of funds may have amounted to $85,000. *Id.*, p. 9. Attorney Penelope N. Bach acknowledged that the total was $85,217.45. *Id.*, p. 10.

In *In re Romero*, Circuit Judge Hamilton noted in a dissenting opinion that a brief filed by Attorney Paul M. Bach "included an astonishing number of erroneous and even hallucinated citations. . . those sloppy errors by Corona's lawyer, Paul M. Bach of Bach Law Office, made this court's work more difficult than it should have been. We should expect and insist on better, more professional performance. Sanctions like those we have imposed in other recent cases involving hallucinated citations from generative artificial intelligence would be appropriate here, regardless of the precise reasons for the many errors." (citations omitted). *In re Romero*, 182 F.4th 560, 570 (7th Cir. 2026).

**Conclusion**

The court finds that Attorneys Paul M. Bach and Penelope Bach violated Federal Rule of Bankruptcy Procedure 9011(b) by presenting a bankruptcy petition on behalf of the Debtor without conducting an inquiry reasonable under the circumstances to discern who the Debtor was and what its financial circumstances were. They also violated that Rule by filing the compensation disclosure form that noted that the $10,000 came from the Debtor when it actually came from the Smith & Wells LLC. The court finds that Attorneys Paul M Bach and Penelope N. Bach have not shown that the services rendered herein benefitted the bankruptcy estate of Debtor MPH Restaurants, LLC. Their request for compensation in the amount of $9,222.50 is denied

because it exceeds in amount the value of services rendered. That amount exceeds the value of services actually rendered as no debtor has achieved any bankruptcy goals. The $10,000 retainer given them is found to be excessive.

They have not shown what they did, if anything, to investigate the Debtor's circumstances to ensure that an accurate bankruptcy filing would ensue for the correct entity.

The $10,000 retainer received is hereby ordered disgorged from Attorneys Paul M. Bach and Penelope N. Bach and returned to Smith & Wells, LLC, the entity from whose bank account the funds were obtained.

The court will not find that representing that Smith & Wells would file a bankruptcy case is actionable under Fed. R. Bank. P. 9011(c).

This Amended Memorandum Opinion represents the court's findings of fact and conclusions of law.

An Amended Order Denying Compensation and Ordering Disgorgement will be entered.

**Dated: November 24, 2026**

**ENTERED:** Jacqueline P. Cox

J. Cox

**Jacqueline P. Cox**
**Chief Bankruptcy Judge**